810 F.2d 195
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
William Thomas NEAL, Appellant.
 No. 85-5572.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 9, 1986.
Decided Jan. 21, 1987.
 
 Before PHILLIPS, ERVIN and WILKINS, Circuit Judges.
 William D. Broadhurst, Bounds, Dorsey & Broadhurst, P.C., on brief, for appellant.
 John P. Alderman, United States Attorney, Richard W. Pierce, Assistant United States Attorney, on brief, for appellee.
 PER CURIAM:
 
 
 1
 William Thomas Neal appeals from his jury conviction of possessing a firearm after being convicted of a felony, in violation of 18 U.S.C.App. § 1202(a)(1). We affirm.
 
 
 2
 Neal contends that the district court erred in admitting William Conrad's expert opinion as to the foreign origin of the Rossi derringer. At trial Conrad testified that, in his opinion, the Rossi derringer was manufactured in Brazil. He based this opinion on his personal knowledge of firearms manufacturers in the United States and general knowledge of Rossi, on his readings on the subject, and on the markings on the gun.
 
 
 3
 Neal's principal argument on appeal is that the underlying basis of Conrad's opinion was insufficient under Fed.R.Evid. 703.
 
 
 4
 The district court has broad discretion in admitting or excluding expert testimony and its action is reviewable only for abuse of that discretion. United States v. Portsmouth Paving Corp., 694 F.2d 312, 323-24 (4th Cir.1982). We find that the district court did not abuse its discretion in allowing Conrad to testify as to the location of the manufacturer of the Rossi derringer. Moreover, the determination whether there was a sufficient foundation upon which the expert could reach a conclusion also is committed to the district court's discretion. Kelsay v. Consolidated Rail Corp., 749 F.2d 437, 448-49 (7th Cir.1984). We find no abuse there either.
 
 
 5
 Neal also contends that the district court erred in admitting into evidence the Rossi derringer without redacting the markings "Made in Brazil" and "Washington, D.C." on it. The district court admitted the evidence under Fed.R.Evid. 803(24).
 
 
 6
 Neal asserts on appeal that the markings should not have been admitted into evidence because they were inadmissible hearsay under Fed.R.Evid. 802. We disagree and find that the markings, in light of the expert testimony, were properly admitted under the residual hearsay exception. Fed.R.Evid. 803(24).
 
 
 7
 For these reasons, we affirm the judgment below. We dispense with oral argument because the facts and legal contentions are adequately developed in the briefs and other materials before the Court, and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.